UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

DIORGE JOSE RONDON TORRES,

Petitioner,

v.

WARDEN, BLUEBONNET DETENTION CENTER, et al.,

Respondents.

No. 1:26-CV-444-H

**ORDER**

Diorge Jose Rondon Torres entered the United States illegally five years ago.[1] Dkt. No. 1 at 1. At the time of his crossing near El Paso, Rondon Torres "presented himself to immigration officials," and he was then processed and released "subject to governmental supervision." *Id.* At another point, he found himself charged with DWI—for which he was placed under criminal supervision by a Denton County court. *Id.* at 2. On August 28, 2026, Rondon Torres "appeared in connection with his Denton County probation obligations." *Id.* At that time, immigration officials arrived and took him into custody.[2] *Id.* Before the

[1] Although Rondon Torres does not say as much, the Court takes judicial notice that Rondon Torres was born in Venezuela. *See* Online Detainee Locator System, U.S. IMMIGR. & CUSTOMS ENF'T, https://locator.ice.govlodls/#/search (last visited Oct. 13, 2026). He is likely a citizen of that country, but in any event, he acknowledges he entered the United States without inspection.

[2] Rondon Torres specifies that he does not challenge his detention as being "imposed as punishment for his DWI offense," and he acknowledges that his detention is civil in nature. *See* Dkt. No. 1 at 9. In other words, it is related to his removability as an alien, not his criminal conduct.

Court is his habeas petition, which requests his demands release or a bond hearing based on the Due Process Clause of the Fifth Amendment.[3]

A district court entertaining an application for a writ of habeas corpus "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It is in the Court's discretion to deny the writ without issuing an order to show cause. *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Petitioner's petition, and it has determined that:

- Binding Fifth Circuit precedent holds that "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States" are subject to mandatory detention under Section 1225(b)(2)(A). *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *see also Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026) (adopting this position prior to *Buenrostro-Mendez*).

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2104747 (5th Cir. July 21, 2026).[4] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino*, 822 F. Supp. 3d at 723–26; *Garibay-Robledo*, 814 F. Supp. 3d at 759–60. And the

[3] Rondon Torres states that "the [g]overnment is holding [him] in violation of the Due Process Clause of the U.S. Constitution, the Immigration and Nationality Act, and federal regulations." Dkt. No. 1 at 10. But because he only advances arguments premised on the Due Process Clause, the Court assumes this remark is an editing oversight from Rondon Torres's counsel. *See id.* at 10–13. To the extent it was not, because Rondon Torres does not actually make statutory, regulatory, or other arguments, the Court finds that he is not entitled to habeas relief on those grounds.

[4] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* 181 F.4th 702 (5th Cir. 2026), *vacated*, 181 F.4th 608 (5th Cir. 2026) (mem.) (en banc). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.

three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A). *Diaz Patino*, 822 F. Supp. 3d at 723–26.

- APA claims that sound in habeas, including APA claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Garibay-Robledo*, 814 F. Supp. 3d at 760.

Rondon Torres's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. Because it appears from the face of the petition that Rondon Torres is not entitled to relief, the Court denies the petition (Dkt. No. 1).

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on October 16, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE